## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TAMMY A. WASHINGTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-07663 |
| ADDUS HEALTHCARE, INC. d/b/a ADDUS HOMECARE, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes TAMMY A. WASHINGTON ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of ADDUS HEALTHCARE, INC. d/b/a ADDUS HOMECARE ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

PARTIES

4.   Plaintiff is a natural person over 18 years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a home care company headquartered at 6303 Cowboys Way, Suite 600, Frisco, Texas 75034. Defendant regularly conducts business with consumers in Illinois.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.   Around 2019, Plaintiff consistently began receiving calls from Defendant to her cellular phone, (312) XXX-4342, and home phone, (773) XXX-6904.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4342. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone and home phone, including but not limited to: (312) 663-4647 and (773) 396-5600.

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to make outgoing calls to consumers for its business.

2

13. During answered calls, Plaintiff has been subjected to a significant pause, lasting several seconds in length, causing Plaintiff to say "hello" several times before being connected to a live representative.

14. Moreover, Defendant has also used pre-recorded messages when placing calls to Plaintiff's cellular phone.

15. Plaintiff was unaware of Defendant's purpose in contacting her cellular phone, as Plaintiff never signed up to receive calls from Defendant.

16. Upon speaking with Defendant, Plaintiff was informed that it was attempting to contact an individual with whom Plaintiff was unfamiliar.

17. Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting her.

18. Plaintiff even returned Defendant's calls to further reiterate that it was calling the wrong party and that she wanted the calls to stop.

19. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant up until the filing of this lawsuit.

20. Despite Defendant lacking permission to call Plaintiff's cellular phone, as well as being told that the individual it was contacting was unknown and to stop calling, Defendant still placed not less than 75 phone calls to Plaintiff's cellular phone.

21. Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies telephone calls intended for an

3

unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24.  Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

27. Notwithstanding the aforementioned facts, Defendant has also used pre-recorded messages when placing calls to Plaintiff's cellular phone.

28.  Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS and pre-recorded messages without Plaintiff's consent.  Plaintiff does not have any business relationship with Defendant nor has she ever given it permission to call her cellular phone. Defendant was contacting Plaintiff looking for a different individual who has no relation to

4

Plaintiff. As such, Plaintiff could not have given Defendant consent to contact her, but yet, Plaintiff still continued to receive over 75 calls intended for this unknown individual.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Calling an innocent individual over 75 times is willful and knowing behavior, especially since Plaintiff notified Defendant multiple times that she was not the person it was seeking to speak with and to stop contacting her. Defendant was aware that it was contacting the wrong person but consciously chose to proceed in light of that knowledge in an effort to harass Plaintiff into submission. Defendant did not have a legal right to contact Plaintiff, but its conduct exemplifies that Defendant will attempt to harass innocent consumers.

WHEREFORE, Plaintiff, TAMMY A. WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

5

32. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

33. Defendant's calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."   815 ILCS 505/2.

35. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff.  It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after Plaintiff had notified Defendant to stop calling. Yet, Defendant placed *at least* 75 phone calls to Plaintiff's cellular phone with the intent of harassing Plaintiff to subscribe to its services.  Defendant ignored Plaintiff's demands and continued its harassing conduct.  Defendant's continued conduct prompted Plaintiff to file this action.

36. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would return its calls. Further, Defendant intended that Plaintiff rely on its unfair and deceptive conduct. Defendant had been notified of Plaintiff's demands that it cease calling her, but yet Defendant still relentlessly contacted Plaintiff.

37. Plaintiff lacks a meaningful choice to go about avoiding Defendant's contacts, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct.  This further

underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

38.    The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

40. Plaintiff was the subject of Defendant's incessant and relentless efforts.  The nature of Defendant's conduct in placing relentless phone calls after consent for such calls had been explicitly revoked is behavior which impacted Plaintiff and which would similarly impact other consumers. Such conduct raises serious consumer protection concerns as entities like Defendant must not be given free rein to harass consumers by placing excessive telephone calls without consumer consent. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

41.    The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper."  815 ILCS 505/10a.

42.    As pled in paragraphs 21 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.  As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

43.    An award of punitive damages is appropriate because placing *at least* 75 phone calls to Plaintiff's cellular phone without permission is egregious conduct.  Many of these calls were

placed after having verbal demands to cease. Such conduct is hallmark of outrageous, willful, and wanton behavior. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, TAMMY A. WASHINGTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at hearing, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

f. Enjoining Defendant from further contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 22, 2020                    Respectfully submitted,

s/ Nathan C. Volheim                         s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103            Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*                      *Counsel for Plaintiff*
Admitted in the Northern District of Illinois  Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                      Lombard, Illinois 60148
(630) 568-3056 (phone)                       (331) 307-7648 (phone)
(630) 575-8188 (fax)                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                     ecoleman@sulaimanlaw.com

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 Ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com